UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Maurice W. Scott** (*aka Maurice Scott, Maurice Wyman Scott, Sr.*), | ) C/A No. 3:06-2290-MBS-JRM )  ) |
| Plaintiff, | ) ) |
| vs. | ) **Report and Recommendation** ) |
| **South Carolina Department of Probation, Parole, and Pardon Services** (SCDPPPS), | ) ) ) ) |
| Defendant. | ) ) |

_____

## *Background of this Case*

The plaintiff is a resident of Columbia, South Carolina. The sole defendant in this case is the South Carolina Department of Probation, Parole, and Pardon Services (SCDPPPS). In the complaint, the plaintiff alleges or contends: *(1)* since the plaintiff's two prior cases against the defendant were dismissed without prejudice, the plaintiff may bring the above-captioned case; *(2)* at the time of the two prior cases, the plaintiff was "not equipped" to satisfy the court's requirements; *(3)* on or about October 5, 2004, the SCDPPPS violated the plaintiff's constitutional rights "in not providing the court mandated release from supervision, which would have allowed the plaintiff to regain his right to vote in the General Election November 2004, thereby disenfranchising

1

the plaintiff from his right to vote[;]" *(4)* the plaintiff learned that the SCDPPPS lost the file containing the plaintiff's time and attendance for community service; *(5)* since the plaintiff was still under supervision in 2005, he was subjected to an unlawful search — a DNA test — required of all felons as of January 2005; *(6)* the plaintiff has acted in good faith, written letters to the SCDPPPS, presented himself to its Richland County office, and asked for a supervisor; *(7)* all of these requests have been "refused, denied, or un-responded to[;]" *(8)* the Court of General Sessions' sentence in Case No. 2003-GS-38-2396 provided that the plaintiff would be released from supervision after he completed one hundred hours of community service; and *(9)* the plaintiff has completed one hundred five hours of community service.

The plaintiff enumerates six (6) requests for relief. Specifically, the plaintiff seeks: *(1)* an "[i]mmediate stay" of any acts, actions, or enforcement by SCDPPPS or the State of South Carolina; *(2)* compensation for the period from November of 2004 to the present; *(3)* reinstatement of the plaintiff's voting rights retroactive to November of 2004 *and* an admission by the SCDPPS that it disenfranchised the plaintiff's right to vote; *(4)* a court order directing the "destruction, elimination of data, destruction of documents, samples, or other recorded data" with respect to the unconstitutional collection

of the plaintiff's DNA sample, measurements, and blood; and **(5)** compensation for the violation of the plaintiff's constitutional rights, with respect to the DNA sample, because of the gross negligence of the defendant. In his sixth enumerated request for relief, the plaintiff states that he will accept, in the alternative, the granting of the "unconditional relief" requested by the plaintiff in his pending post-conviction case. The plaintiff discloses that the pending post-conviction case has not been decided as of August 9, 2006.

The plaintiff has also submitted a Form AO 88 (Subpoena in a Civil Case) with the pleadings in the above-captioned case. The subpoena is directed to the Harvest Hope Food Bank, where the plaintiff performed his community service.

### *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleadings and the Form AO 240 (motion to proceed *in forma pauperis*) pursuant to the procedural provisions of 28 U.S.C. § 1915. The review[1] has been conducted in light of the following

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02
(continued...)

precedents: Denton v. Hernandez, 504 U.S. 25, 118 L.Ed.2d 340, 112 S.Ct. 1728, 1992 U.S. LEXIS® 2689 (1992); Neitzke v. Williams, 490 U.S. 319, 324-325, 104 L.Ed.2d 338, 109 S.Ct. 1827, 1989 U.S. LEXIS® 2231 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, 1995 U.S.App. LEXIS® 26108 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177, 134 L.Ed.2d 219, 116 S.Ct. 1273, 1996 U.S. LEXIS® 1844 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979)(recognizing the district court's authority to conduct an initial screening of a *pro se* filing).[2] This court is required to construe *pro se* complaints and petitions liberally. Such *pro se* complaints and petitions are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint or petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See*

---

(...continued)
(DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Boyce has been held by some authorities to have been abrogated in part, on other grounds, by Neitzke v. Williams, 490 U.S. 319 (1989)(insofar as Neitzke establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

Hughes v. Rowe, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and Cruz v. Beto, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true.  Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975).  Even under this less stringent standard, the complaint is subject to summary dismissal.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  Weller v. Department of Social Services, 901 F.2d 387, 1990 U.S.App. LEXIS® 6120 (4th Cir. 1990).

Generally, a case can be originally filed in a federal district court if there is diversity of citizenship under 28 U.S.C. § 1332 or there if there is so-called "federal question" jurisdiction under 28 U.S.C. § 1331.  Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute."  In re Bulldog Trucking, Inc., 147 F.3d 347, 352, 1998 U.S.App. LEXIS® 13210 (4th Cir. 1998).  Since federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction.  Pinkley, Inc. v. City of Frederick, 191 F.3d 394, 399, 1999

U.S.App. LEXIS® 20859 (4th Cir. 1999), *cert. denied*, Pinkley, Inc. v. Servacek, 528 U.S. 1155, 2000 U.S. LEXIS® 1043 (2000)(*citing* Lehigh Mining & Mfg. Co. v. Kelly, 160 U.S. 337, 327 (1895)). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." Bulldog Trucking, supra, 147 F.3d at 352. *See also* F. R. Civ. P. 12(h)(3) ("Whenever it appears . . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

"[T]he facts providing the court jurisdiction must be affirmatively alleged in the complaint." Davis v. Pak, 856 F.2d 648, 650, 1988 U.S.App. LEXIS® 12311 (4th Cir. 1988)(*citing* McNutt v. General Motors Acceptance Corp., 298 U.S. 178 (1936)). To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short plain statement of the grounds upon which the court's jurisdiction depends[.]" If, however, the complaint does not contain "an affirmative pleading of a jurisdictional basis, the federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." Pinkley, Inc., supra, 191 F.3d at 399 (*citing* 2 Moore's Federal Practice § 8.03[3] (3rd edition 1997)).

Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure.  Lovern v. Edwards, 190 F.3d 648, 654, 1999 U.S.App. LEXIS® 20860 (4th Cir. 1999).  If the court, viewing the allegations in the light most favorable to the plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction.  Id.

The South Carolina Department of Probation, Parole, and Pardon Services (SCDPPPS) is immune from suit under the Eleventh Amendment, which divests this court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts, such as a state agency or department.  The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

See, e.g., Federal Maritime Commission v. South Carolina State Ports Authority, 535 U.S. 743, 152 L.Ed.2d 962, 122 S.Ct. 1864, 2002 U.S. LEXIS® 3794 (2002); Board of Trustees of University of Alabama v. Garrett, 531 U.S. 356, 148 L.Ed.2d 866, 121 S.Ct. 955, 2001 U.S. LEXIS® 1700 (2001); Kimel v. Florida Board of Regents, 528 U.S. 62, 145 L.Ed.2d 522, 120 S.Ct. 631, 2000 U.S. LEXIS® 498 (2000)(Congress exceeded its authority in making Age

Discrimination in Employment Act [ADEA] applicable to States); Alden v. Maine, 527 U.S. 706, 4601, 144 L.Ed.2d 636, 119 S.Ct. 2240, 1999 U.S. LEXIS® 4374 (1999); Pennhurst State School & Hospital v. Halderman, 465 U.S. 89 (1984)(although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens); Belcher v. South Carolina Board of Corrections, 460 F. Supp. 805, 808-809 (D.S.C. 1978); and Simmons v. South Carolina State Highway Dept., 195 F. Supp. 516, 517 (E.D.S.C. 1961).[3]  Cf. Vermont Agency of Natural Resources v. United States *ex rel.* Stevens, 529 U.S. 765, 146 L.Ed.2d 836, 120 S.Ct. 1858, 2000 U.S. LEXIS® 3428 (2000)(a State is not a person for purposes of *qui tam* liability); and Principality of Monaco v. State of Mississippi, 292 U.S. 313 (1934)(State immune from suit by foreign country), which is cited in Barry v. Fordice, 814 F. Supp. 511, 517, 1992 U.S.Dist. LEXIS® 20893 (S.D.Miss. 1992)("The plaintiffs argue that the defendants' reliance on Monaco is misplaced. Unlike the instant litigation, in Monaco, the plaintiffs in Monaco brought an original action in the United States Supreme Court and named the State of Mississippi

---

[3]The plaintiff has a prior case against the defendant, Scott v. South Carolina Department of Probation, Parole, and Pardon Services, *et al.*, Civil Action No. 3:06-1088-MBS-JRM, which was dismissed *without prejudice* by the Honorable Margaret B. Seymour, United States District Judge, on July 27, 2006, because of the plaintiff's failure to bring the case into "proper form."

as a defendant. This distinction is irrelevant as to the issues before this court. Nothing in the Monaco opinion suggests that a different result would have occurred if the action had been filed originally in a district court rather than the Supreme Court. On the contrary, the Eleventh Amendment principles set forth in Monaco have been expressly relied upon in actions which were originally brought in federal district courts."), *affirmed*, 8 F.3d 1, 1993 U.S.App. LEXIS® 29115 (5th Cir. 1993).

Under Pennhurst State School & Hospital v. Halderman, supra, 465 U.S. at 99 & n. 9, a State must expressly consent to suit in a federal district court. Higgins v. Mississippi, 217 F.3d 951, 2000 U.S.App. LEXIS® 15330 (7th Cir. 2000)("A state may, it is plain, waive its Eleventh Amendment immunity from being sued in federal court either legislatively, . . . or by an explicit waiver in the lawsuit in which it is named as a defendant, . . . provided that the waiver is authorized by state law."), where the Court ruled that a federal court could raise an Eleventh Amendment matter on its own initiative. The State of South Carolina has not consented to suit in a federal court. *See* a provision in the South Carolina Tort Claims Act, § 15-78-20(e), South Carolina Code of Laws, which expressly states that the State of South Carolina does *not* waive Eleventh Amendment immunity, consents to suit only in a court of the State

of South Carolina, and does not consent to suit in a federal court or in a court of another State.  *Cf.* Pennhurst State School & Hospital v. Halderman, supra, 465 U.S. at 121 ("[N]either pendent jurisdiction nor any other basis of jurisdiction may override the Eleventh Amendment.").

### *Recommendation*

Accordingly, it is recommended that the District Court summarily dismiss the above-captioned case *without prejudice* and without issuance and service of process.  See Denton v. Hernandez, supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe, 998 F.2d 201, 202-204 & n. *, 1993 U.S.App. LEXIS® 17715 (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); Boyce v. Alizaduh, supra; Todd v. Baskerville, supra, 712 F.2d at 74; and 28 U.S.C. § 1915(e)(2)(B)[essentially a redesignation of "old" 1915(d)].  *See also* In Re Prison Litigation Reform Act, 105 F.3d 1131, 1134, 1997 U.S.App. LEXIS® 1763 (6th Cir. 1997)(pleadings by non-prisoners should also be screened); and Fitzgerald v. First East Seventh Street Tenants Corp., 221 F.3d 362, 363-364, 2000 U.S.App. LEXIS® 18180 (2nd Cir. 2000)("District courts . . . are . . . capable of determining when an action is frivolous.  Indeed,

as courts of first instance, district courts are especially likely to be exposed to frivolous actions, and thus have an even greater need for inherent authority to dismiss such actions quickly in order to preserve scarce judicial resources."). Since the above-captioned case is subject to summary dismissal, I also recommended that the District Court **deny** the plaintiff's apparent request that a subpoena be issued. The plaintiff's attention is directed to the Notice on the next page.

                              Respectfully submitted,

August 18, 2006                      s/Joseph R. McCrorey
Columbia, South Carolina       United States Magistrate Judge

**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"**
**&**

# The *Serious Consequences* of a Failure to Do So

The plaintiff is, hereby, notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, **but not thereafter**, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, *supra*, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. \* \* \* This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only "I object" preserves no issue for review. \* \* \* A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 6 n. 1 (3rd Cir. 1984)(*per curiam*)("plaintiff's objections lacked the specificity necessary to trigger *de novo* review"). **This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins, *supra*; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**901 Richland Street**
**Columbia, South Carolina 29201**